IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MICHAEL MCCARRELL**, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | |
| **MICHAEL P. BETLEY**, | * | Case No. 1:23-cv-02781-JRR |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

The court has before it Plaintiff McCarrell's Motion to Substitute and for Voluntary Dismissal of Plaintiff Mary Matthew (ECF No. 21; the "Motion"), Defendant's opposition (ECF No. 36) and Plaintiff's reply (ECF No. 40). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023).

The Motion seeks the following relief: 1) "pursuant to [Federal Rule of Civil Procedure] 21 to substitute Daniel Schultz for Mary Matthew as a party plaintiff and proposed representative of the alleged class;" 2) pursuant to Federal Rule of Civil Procedure 41(a)[1] "an order dismissing Mary Matthew's claims without prejudice;" and 3) "pursuant to [Federal Rule of Civil Procedure] 15 . . . leave for Plaintiffs to file [a] Second Amended Complaint reflecting Mr. Schultz's substitution." (Motion at 2.)

**Request to Substitute**

The Rules do not contemplate or accommodate the substitution of one party for another as the Motion requests given the status of this case. Rule 21 pertains to misjoinder and nonjoinder of parties; it provides in relevant part: "Misjoinder of parties is not a ground for dismissing an

---

[1] The Motion erroneously refers to Rule 43, which Plaintiff clarifies is a typo. (ECF No. 40 at 2 n.1.)

action. On motion . . . the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. Although this action was initiated as a putative class action, no class has been certified (and Mr. Schultz is not proposed to stand in for Ms. Matthew as a successor-in-interest or similar legal status).[2] *See McKandes v. Carefirst, Inc.*, Civ. No. AW-04-743, 2006 WL 8457129, at *6 (D. Md. June 12, 2006) (explaining that courts "routinely allow the substitution of a new class representative after the original representative has been disqualified"). And while Rule 21 motions are subject to the same liberal standard as that applicable to Rule 15 motions for leave to amend, in view of the fact that no class has been certified, simply swapping out one plaintiff for another is procedurally improper.[3] And, as addressed below, Plaintiff has not engaged in the correct amendment procedure.

**Request to Dismiss Plaintiff Matthew's Claims**

According to the Motion, on November 2, 2023, Plaintiff Matthew advised counsel that she does not wish to pursue this action. (Motion ¶ 6.) Despite advising the court at the hearing on December 11, 2023, that counsel intended to file a notice of voluntarily dismissal of Ms. Matthew's claims, none was filed. The court reminded counsel of that at the hearing on June 20, 2024; still, no notice of dismissal was filed. Per Rule 41(a)(1)(A), counsel was entitled to dismiss the action as to Ms. Matthew's claims without an order of court. Regardless, the court will grant the Motion in this respect to ensure that Ms. Matthew is not a party to litigation she prefers not to pursue.

**Request to File Second Amended Pleading**

After requesting to swap out Ms. Matthew for Mr. Schultz, Plaintiff explains that he also seeks leave under Rule 15 to file an amended pleading "reflecting" the change. Plaintiff neglects

---

[2] The court does not understand Plaintiff to say that Ms. Matthew was misjoined.
[3] Plaintiff's request might be viewed differently were he seeking to add a defendant – inasmuch as even where a plaintiff is entitled to file an amended pleading as of right, leave of court per Rule 21 is required to add a party.

to attach to the Motion the comparison and clean copies of the proposed amended pleading, and statement as to whether opposing counsel consents, as required by Local Rule 103.6.  These requirements are not mere niceties; rather they are critical steps of the amendment process to ensure all parties and the court have clear notice of the proposed scope, content, and nature of the proposed changes.  The basic pleading requirements as to any claim Mr. Schultz seeks to assert against Defendant must be satisfied; and Defendant is entitled to examine the proposed amended pleading as compared to the presently operative pleading, and to respond in accordance with court rules.  Further, as relayed above, inasmuch as class certification has been neither sought nor granted, Mr. Schultz is not a member of a certified class at issue who will merely stand in the shoes of Ms. Matthew.  Rather, Mr. Schultz is obliged to set forth alleged facts satisfying the rules of court and the substantive law at issue in order to state a claim.

Where a plaintiff seeks to amend the operative pleading by adding another plaintiff, the court must inquire as to whether Rule 15 and Rule 20 (*Permissive Joinder of Parties*) are satisfied. Plaintiff may not simply amend the operative pleading by obtaining leave of court to "substitute" plaintiff without fully abiding the procedural requirements of Rule 15 and its related Local Rule 103.6.  *See Hinson v. Northwest Fin., S. Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (holding that "a court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a).  Indeed, satisfying the joinder requirements is necessary to the court's subject matter jurisdiction under 28 U.S.C. § 1367(a)") (citation omitted).

**Arguments as to Whether Mr. Schultz's Claims Would be Time-Barred**

The court will not address the parties' arguments as to whether Mr. Schultz's potential claims would be time-barred; the issue is premature, as proper Rule 15/Local Rule 103.6 papers are not before the court.

**Conclusion**

For the reasons set forth herein, the Motion is GRANTED IN PART AND DENIED IN PART as follows: the Motion is granted to the extent that all claims brought on behalf of Plaintiff Matthew will be docketed as voluntarily dismissed without prejudice; the Motion is denied in all other respects. Madam Clerk shall ensure that the docket reflects that all claims of Ms. Matthew are dismissed voluntarily without prejudice.

August 7, 2024

                                        /S/
                                Julie R. Rubin
                                United States District Judge