IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| **MICHEAL McCARRELL**<br><br>Plaintiff<br><br>**v.**<br><br>**MICHAEL P. BETLEY**,<br><br>Defendant. | Civil Action No.: JRR-23-2781 |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff Micheal McCarrell, by and through undersigned counsel, and pursuant to Federal Rules of Civil Procedure 15(a)(2) and 20(a)(1), hereby seeks leave to file a Second Amended Complaint for the purpose of joining Daniel Schultz as an additional party Plaintiff. Plaintiff sought and Defendant declined consent to this motion and the requested amendment. In support of the Motion, Plaintiff states as follows:

### INTRODUCTION

1. Fed. R. Civ. P. 15(a)(2) directs the Court to "freely give leave [to amend] when justice so requires." The Fourth Circuit has stated that leave to amend under Rule 15(a) should be denied only in three situations: when the opposing party would be prejudiced, when the amendment is sought in bad faith, or when the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *accord, Paul v. Plank,* No. RDB-18-2239, 2024 U.S. Dist. LEXIS 28004, at *12-13 (D. Md. Jan. 9, 2024).

2. Fed. R. Civ. P. 20(a)(1) provides that additional plaintiffs may join one action where "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or

arising out of the same transaction, occurrence or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action."

3. As described more fully below, the proposed Second Amended Complaint satisfies the requirements of both Rule 20(a)(1) and Rule 15(a).

**ARGUMENT**

**I. Joining Mr. McCarrell's and Mr. Schultz's claims is appropriate and comports with Rule 20(a)(1).**

4. As the Proposed Second Amended Complaint makes clear, both Mr. McCarrell's and Mr. Schultz's claims arise from the same pattern of behavior conducted by the Defendant.

5. Each of Mr. McCarrel's and Mr. Schultz's claims arise out of the same alleged RESPA and RICO kickback schemes that Defendant allegedly perpetrated with All Star Title, and will involve questions of law and fact common to those schemes (*e.g.*, whether there was an agreement for the referral of loans to All Star in exchange for a thing of value, and whether Defendant and All Star formed an enterprise for the purpose of defrauding borrowers).

6. The Fourth Circuit has recognized that Plaintiffs moving to amend their complaint to add a plaintiff must meet the requirements of both Fed. R. Civ. P 15 and 20, and that a common pattern of wrongful behavior can rise to meet those standards even where the plaintiffs were not involved in exactly the same transaction.

7. In *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611 (4th Cir. 2001), a borrower sued Norwest Financial South Carolina for failing to disclose their right to have the attorney of their choice attend the closing, and "misrepresentations were made with respect to the stated rate of interest and the pay-off amount, and that Norwest otherwise failed to comply with South Carolina's truth-in-lending act." *Id.* at 613. After Norwest had filed its answer, plaintiffs moved to amend

2

their complaint to join seven additional plaintiffs who were similarly harmed by Norwest's pattern of behavior. The district court granted the motion.

8. On appeal the Fourth Circuit upheld the decision of the district court specifically pointing out that:

> The joining plaintiffs alleged that they participated in the same kind of transaction in which the Hinsons had participated and that all the transactions involved similar loans from Norwest. The joining plaintiffs also alleged the same or similar types of violations committed by Norwest in these transactions. Finally, it appears that similar principles of law would have been applicable to both the original plaintiffs and the joined plaintiffs. While it is true that the factual circumstances of each transaction differed, we cannot say that it was an abuse of discretion of the district court of have permitted the joinder.

*Id.* at 618.

9. That is precisely what has occurred here. Mr. Schultz's and Mr. McCarrel's claims spring from the exact same conduct on the part of the Defendant. While their loans are separate transactions, the underlying claims, defenses, and legal questions are fundamentally the same for each party.

**II.      No basis exists to deny the proposed amendment.**

10. Amending the Complaint to add Mr. Schultz as a party Plaintiff will not prejudice the Defendant, is not sought in bad faith, and is not futile.

11. This matter is at the pleading stage, with no Answer yet required from the Defendant. The proposed amendment does not change the common nucleus of facts regarding the alleged kickback and RICO schemes; it merely adds facts regarding Mr. Schultz's particular transaction and his reasonable diligence. Granting the amendment cannot plausibly prejudice the Defendant.

12. Nor is amending the Complaint to add Mr. Schultz sought in bad faith. As the Court is aware, a prior named Plaintiff, Mary Matthew, elected not to move forward with the matter. Plaintiff sought to substitute Mr. Schultz for Ms. Matthew (ECF No. 21), which the Court denied stating that Mr. Schultz should be added by amendment of the Complaint pursuant to Rule 15 and L.R. 103.6. Plaintiff moves to amend to add Mr. Schultz consistent with the Court's Order and in light of the forthcoming expiration of the one-year period since November 20, 2023, the date on or about which Mr. Schultz became aware of the facts giving rise to his RESPA and RICO claims.[1]

13. Amending the Complaint to add Mr. Schultz would not be futile. A proposed amendment is considered futile if it cannot withstand a motion to dismiss. *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Although Defendant has moved to dismiss the currently pleaded First Amended Complaint on limitations grounds (ECF No. 37), Plaintiff respectfully submits, based on the arguments raised in his Opposition (ECF No. 39), that Defendant's limitations arguments are insufficient to warrant dismissal—either as to Mr. McCarrell or Mr. Schultz. Accordingly, the proposed Second Amended Complaint is not futile.

14. On amendment of the Complaint, Defendant will be entitled to raise any grounds for dismissal of Mr. Schultz's claims. Permitting amendment now will allow the Court to address

---

[1] The Fourth Circuit and this Court have recognized that when a party moves for leave to amend a complaint, and the motion is accompanied by the proposed amended complaint that provides notice of the substance of the amendments, such filing "tolls the statue of limitations, even though technically the amended complaint will not be filed until the court rules on the motion." *Angles v. Dollar Tree Stores, Inc.*, 494 Fed. Appx. 326, 330 (4th Cir. 2012); *Cox v. Smith & Nephew, Inc.*, No. 1-18-cv-00326-CCB, 2018 U.S. Dist. LEXIS 128592, at *52 (D. Md. July 31, 2018) (filing of a motion for leave to amend, accompanied by the proposed amended complaint, tolls the statute of limitations).

all of Defendant's dismissal motion practice at once, serving judicial efficiency and avoiding delay in the prosecution of the alleged individual and class claims.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Motion for Leave to file the Second Amended Complaint be granted, and that the Second Amended Complaint be deemed filed as of the date of this Motion. A proposed Order is attached.

## STATEMENT OF LOCAL RULE 103.6 COMPLIANCE

Pursuant to L.R. 103.6(a) and (c), a copy of the Proposed Second Amended Complaint is attached hereto as **Exhibit 1**, and a redlined version of the Proposed Second Amended Complaint that identifies the stricken and added material is attached hereto as **Exhibit 2**. Pursuant to L.R. 103.6(d), undersigned counsel sought the consent of Defendant's counsel to file the Proposed Second Amended Complaint, but that Defendant's counsel declined to consent.

Dated: October 17, 2024

                                                                   Respectfully Submitted,

| _____/s/_____ | _____/s/_____ |
|---|---|
| Timothy F. Maloney, Esq. #03381 | Michael Paul Smith, Esq. #23685 |
| Veronica B. Nannis, Esq. #15679 | Melissa L. English, Esq. #19864 |
| Joseph, Greenwald & Laake | Eric R. Harlan, Esq., #23492 |
| 6404 Ivy Lane, Suite 400 | Smith, Gildea & Schmidt, LLC |
| Greenbelt, Maryland 20770 | 600 Washington Avenue, Suite 200 |
| (301) 220-2200 / (301) 220-1214 (fax) | Towson, MD 21204 |
| tmaloney@jgllaw.com | (410) 821-0070 / (410) 821-0071 (fax) |
| vnannis@jgllaw.com | mpsmith@sgs-law.com |
| *Co-Counsel for Plaintiffs* | menglish@sgs-law.com |
| | *Counsel for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

I HEREBY certify that on this 17th day of October 2024, I served copies of the foregoing Plaintiff's Motion for Leave to File Second Amended Complaint via this Court's CM/ECF system to counsel of record for the parties.

                                                          _____/s/_____
                                                         Eric R. Harlan, Bar No. 23492