IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL McCARRELL, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 1:23-CV-02781-JRR |
| MICHAEL P. BETLEY, | |
| *Defendant*. | |

### MEMORANDUM OPINION

Pending before the court are Defendant Michael P. Betley's Motion to Dismiss (ECF No. 37; the "Motion to Dismiss") and Plaintiff Michael McCarrell's Motion for Leave to File Second Amended Complaint (ECF No. 44; the "Motion to Amend"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons that follow, by accompanying order, the Motion to Amend will be granted and the Motion to Dismiss will be denied as moot.

**I.    BACKGROUND[1]**

This matter arises from an agreement between MBA Mortgage Services, Inc. ("MBA") and All Star Title, Inc. ("All Star") wherein MBA referred mortgage loans, refinances, and reverse mortgages to All Star in exchange for kickback payments. (ECF No. 3, "Amended Complaint" ¶ 3.) Pursuant to this agreement, when MBA referred a borrower to All Star, All Star overcharged the borrower and transmitted a kickback to a third-party marketing company under the guise of a marketing fee owed by All Star; however, the third-party marketing company applied All Star's payment towards services that benefited MBA. *Id.* ¶¶ 3–5, 7.

---

[1] For purposes of resolving the pending motions, the court accepts as true all well-pled facts set forth in the Amended Complaint. (ECF No. 3.) *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Plaintiff Michael McCarrell, and the putative class members, are borrowers who have or had a residential loan originated and/or brokered by MBA. (Amended Complaint, ECF No. 3 ¶ 1.) Defendant Michael P. Betley is MBA's president and sole shareholder. *Id*. ¶ 3. In 2009, Defendant entered into the kickback agreement with All Star. *Id*. ¶ 16. As MBA's president, Defendant participated in, benefited from, and took steps to conceal the All Star scheme. *Id*. ¶¶ 3,7.

To conceal the kickback arrangement, All Star and Defendant created sham invoices that falsely showed All Star receiving and paying for legitimate marketing services. (Amended Complaint, ECF No. 3 ¶ 40.) All Star did not receive any marketing services from the third-party marketing companies involved in the scheme. *Id*. All Star and Defendant also engaged in "co-marketing," in which Defendant included All Star in direct mail solicitations from MBA to borrowers. *Id.* ¶ 41. The direct mail solicitations were designed to prevent borrowers from contacting All Star and ensured they would only contact MBA. *Id*. Additionally, All Star and Defendant manipulated the allocation of fees, including by classifying the overcharges All Star charged borrowers referred by MBA as non-APR related charges. *Id.* ¶ 136. As a result, Plaintiff, despite reviewing loan documents prepared by MBA containing federally-mandated "Good Faith" estimates of the title services charges associated with his loan, was unaware of the All Star charges. *Id*. ¶ 136–138, 143–146, 150, 152–157. Plaintiff was not aware of the kickback scheme until June 28, 2022, when he received a letter from Plaintiff's counsel describing an investigation of All Star and MBA. *Id*. ¶ 167.

Defendant removed Plaintiff's First Amended Class Action Complaint from the Circuit Court for Baltimore County to this court on October 13, 2023. (Amended Complaint, ECF No. 3.) Plaintiff sought to remand and, after briefing and oral argument, this court rejected the Motion

to Remand. (ECF Nos. 12, 15, 24, 28, 29, 30, 34.) Thereafter, Defendant filed the Motion to Dismiss. (ECF No. 37.) On October 17, 2024, Plaintiffs filed the Motion to Amend. (ECF No. 44.) Defendant opposed the Motion. (ECF No. 50.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course" within 21 days of serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). Otherwise, however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a) counsels that "[t]he court should freely give leave when justice so requires." *Id.* "The Supreme Court has emphasized that 'this mandate is to be heeded.'" *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The Fourth Circuit's policy is 'to liberally allow amendment.'" *Lavin v. Safeco Ins. Co. of Am.*, No. SAG 22-1788, 2022 WL 17342051, at *1 (D. Md. Nov. 30, 2022) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)). Therefore, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509; see *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 345 (D. Md. 2018) (noting that "[g]ranting leave to amend [] is the default under Rule 15").

Where a plaintiff seeks to amend the operative pleading by adding another plaintiff, the court must consider not only the liberal amendment provisions of Rule 15(a), but also the "more specific joinder provisions of Rule 20(a)." *Hinson v. Northwest Fin., S. Carolina, Inc.*, 239 F.3d

3

611, 618 (4th Cir. 2001). Under the Federal Rules, plaintiffs may join in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED R. CIV. P. 20(a)(1)(A). "Courts should 'entertain[ ] the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Cognate BioServices, Inc. v. Smith*, No. CIV. WDQ-13-1797, 2015 WL 1256499, at *5 (D. Md. Mar. 17, 2025) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 734 (1966)).[2]

### III. ANALYSIS

Plaintiff seeks leave to file a Second Amended Complaint joining an additional plaintiff, Daniel Schultz. (ECF No. 44 at p. 1.) Plaintiff submits that proposed Plaintiff Schultz's RESPA and RICO claims against Defendant arise from the same alleged arrangement between Defendant and All Star; therefore, this court should allow amendment as the "common pattern of wrongful behavior" satisfies the requirements of Rules 15 and 20. *Id*. at p. 2. In response, Defendant characterizes proposed Plaintiff Schultz's allegations as "aris[ing] out of an entirely separate transaction and occurrence." (ECF No. 50 at p. 1.) Defendant further contends that leave to amend is an improper avenue to add proposed Plaintiff Schultz and Mr. Schultz must file a Rule 24 motion to intervene in the instant action or file his own lawsuit. *Id*. Defendant does not explicitly argue that amendment would be futile, prejudicial, or is sought in bad faith. He insists, however, that if the court rules in his favor on the pending Motion to Dismiss and finds Plaintiff's claims are time-barred, there will be no action for Mr. Schultz to join. *Id*. at p. 2.[3]

---

[2] Because the court will grant the Motion to Amend, Defendant's Motion to Dismiss (ECF No. 37) is moot; therefore, the legal standard applicable to the Motion to Dismiss need not be set forth here.

[3] Additionally, Defendant argues that if the court finds, in ruling on the Motion to Dismiss, that Plaintiff may not pursue any claim on a class basis, Mr. Schultz will not be able to intervene; conversely, Defendant asserts that if the court allows Plaintiff to pursue a class claim, Mr. Schultz would be a member of the class Plaintiff seeks to represent thus obviating Mr. Schultz's intervention. Because this court will allow amendment to add Mr. Schultz, the court does not reach these arguments.

4

Defendant cites no authority for their propositions that Plaintiff's Rule 15 motion is procedurally improper, and that Mr. Schultz's only route to pursue a claim against Defendant is through a Rule 24 motion or a separate suit. (ECF No. 50 at p. 1.) A plaintiff may amend his pleading to add an additional plaintiff so long as he satisfies the requirements of Rules 15 and 20. *See Hinson*, 239 F.3d at 618 (upholding the addition of new Plaintiffs to a class-action suit under Rules 15 and 20); *Galustian*, 591 F.3d at 730 (concluding that, in the Fourth Circuit, Rule 15(a) applies to amendments seeking to add parties). Indeed, in response to Plaintiff's earlier motion to substitute Mr. Shultz for Ms. Matthews, this court instructed Plaintiff that a motion to substitute parties was improper for adding Mr. Schultz, but that he may seek leave to amend under Rule 15 to do the same. (ECF No. 41 at p. 3 (citing *Hinson*, *supra*).)

As explained above, under Rule 15, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson*, 785 F.2d at 509. Also as described above, Defendant does not allege that the proposed amendment is prejudicial or sought in bad faith; nor would such argument be persuasive. "Prejudice is 'often determined by the nature of the amendment and its timing.'" *Medline Indus., Inc. v. York Bldg. Prod. Co.*, 702 F. Supp. 3d 403, 408–409 (D. Md. 2023) (quoting *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006)). Specifically, the Fourth Circuit has explained:

> A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred.

*Laber*, 438 F.3d at 427 (citations omitted)); *see Medline Indus., Inc.*, 702 F. Supp. 3d at 408–409 (same). This case is in the early stages of litigation—no scheduling order has been issued; no

5

discovery has occurred. Plaintiff seeks to add an additional theory of recovery to the facts already pled. The proposed amended complaint adds no new factual allegations and merely substitutes Mr. Schultz's name and information for that of Ms. Matthews. (ECF No. 44-2 at pp. 33–34, 45–50.)

Defendant also does not challenge the proposed amendment on futility grounds. Leave to amend "should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. A court is also permitted to deny as futile a request for leave to amend where the "proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)); *see In re Triangle Cap. Corp. Sec. Litig.*, 988 F.3d 743, 750 (4th Cir. 2021) (explaining that "in recent years, we have made clear that district courts are free to deny leave to amend as futile if the complaint fails to withstand Rule 12(b)(6) scrutiny."). Defendant does not assert, nor does this court find, that the proposed amendment is clearly frivolous on its face. Accordingly, Plaintiff's proposed amendment is permitted under Rule 15.

In pertinent part, Rule 20 allows plaintiffs to join in one action if they jointly assert a right to relief "arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." FED R. CIV. P. 20(a)(1)(A). Defendant challenges Plaintiff's Motion to Amend on the grounds that Mr. Schultz's and Plaintiff's claims do not arise from the same transaction, occurrence, or series of transactions or occurrences, because Mr. Schultz is an "entirely unrelated person" with "an entirely different transaction." (ECF No. 50 at p. 1.) Plaintiff does not dispute that Mr. Schultz and Plaintiff had two separate loans; but the court is satisfied that this circumstance does not amount to a prohibited

6

separate transaction or occurrence for purposes of Rule 20, especially where the alleged kickback scheme unites them and forms a common basis for their proposed claims. (ECF No. 44-2 ¶¶ 1, 2.) The Fourth Circuit's opinion in *Hinson* is instructive:

> The joining plaintiffs alleged that they participated in the same kind of transaction in which the Hinsons had participated and that all the transactions involved similar loans from Norwest. The joining plaintiffs also alleged the same or similar types of violations committed by Norwest in these transactions. Finally, it appears that similar principles of law would have been applicable to both the original plaintiffs and the joined plaintiffs. While it is true that the factual circumstances of each transaction differed, we cannot say that it was an abuse of discretion for the district court to have permitted the joinder.

*Hinson*, 239 F.3d at 618.

As in *Hinson*, here, both Mr. Schultz and Plaintiff had residential loans originated and/or brokered by MBA. (ECF No. 44-2 ¶ 1.) Both Mr. Schultz and Plaintiff allege that Defendant committed RESPA and RICO violations in his capacity as president of MBA by engaging in the alleged scheme, thus causing them both harm in the context of their loans. (ECF No. 53 at p. 2.) At bottom, Mr. Schultz and Plaintiff allege near identical facts to support claims under the same laws and their claims arise out of the same transaction or series of transactions between All Star and MBA. Therefore, Plaintiff has satisfied the requirements of Rule 20, and may add Mr. Schultz as a plaintiff in this action.

### IV.   CONCLUSION

For the reasons set forth herein, by separate order, Plaintiff's Motion to Amend (ECF No. 44) shall be granted and Defendant's Motion to Dismiss (ECF No. 37) shall be denied as moot.

January 28, 2025                                                                         ___/S/_____
                                                                                                 Julie R. Rubin
                                                                                                 United States District Judge